UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 92-469** |
| **GLENN METZ** | **SECTION I** |

### ORDER AND REASONS

Before the Court is an application for a federal writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by defendant, Glen Metz ("Metz").[1] The government has filed a response.[2] For the following reasons, the motion is **DENIED**.

### *BACKGROUND*

On December 15, 1993, Metz was sentenced to life imprisonment after he was convicted by a jury of conspiracy to possess cocaine with intent to distribute, conducting a continuing criminal enterprise ("CCE"), money laundering, possession with intent to distribute cocaine, and carrying and using a firearm in aid of racketeering. On August 14, 1995, Metz's conviction was affirmed by the U.S. Fifth Circuit Court of Appeals on all counts except for the conspiracy charge, which was vacated due to the conviction and life sentence he received for the CCE violation. United States v. Tolliver, 61 F.3d 1189 (5th Cir. 1995). The Fifth Circuit later vacated Metz's firearms conviction in light of the U.S. Supreme Court's decision in Bailey v. United States, 516 U.S. 137, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995), although the decision had no impact on the life sentence Metz received for his CCE conviction. United States v.

---

[1] R. Doc. No. 1187.

[2] R. Doc. No. 1200.

1

Tolliver, 116 F.3d 120, 126 (5th Cir. 1997) (vacating the firearms charge without review pursuant to the concurrent sentence doctrine).

On June 10, 1998, Metz filed his first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Metz argued that his life sentence should be vacated due to ineffective assistance of counsel, insufficiency of evidence, improper jury instructions with respect to the CCE charge, imposition of a sentence in excess of the statutory maximum, and the improper admission of 404(b) evidence. The Court denied his § 2255 motion on August 28, 1998 and the Fifth Circuit denied a certificate of appealability on March 20, 2000.

Metz has since filed several unsuccessful post-conviction challenges to his conviction and sentence, including five successive § 2255 motions. On July 1, 1999, Metz filed his first successive § 2255 motion. The motion was transferred to the Fifth Circuit, which denied Metz authorization to file a successive § 2255 motion. On August 9, 1999, Metz filed a § 2241 motion that was also construed as a successive § 2255 motion and denied. On October 29, 2001, Metz unsuccessfully sought a writ of coram nobis or audita querela. On October 1, 2004, and again on August 5, 2005, Metz filed successive motions pursuant to § 2255 that were both denied by the Fifth Circuit. Finally, on March 14, 2007, Metz filed his fifth successive § 2255 motion. The Court declined to transfer the motion to the Fifth Circuit for certification because the Fifth Circuit had previously denied authorization to proceed on the same claim.

On July 19, 2011, Metz filed this application for a federal writ of habeas corpus pursuant to 28 U.S.C. § 2241 requesting that the Court vacate his conviction and sentence. In his motion and supplemental memorandum, Metz argues generally that his conviction is invalid and that he received an illegal sentence based on inapplicable statutes and facts not proven to the jury

beyond a reasonable doubt, among other things.  The government responds that the motion should be dismissed as yet another unauthorized successive § 2255 motion.

### *LAW AND ANALYSIS*

The Court observes at the outset that § 2241 is not the proper vehicle for asserting the claims Metz raised in his petition.[3]  A motion to vacate, set aside, or correct sentence under § 2255 should be used to challenge errors that allegedly "'occurred at or prior to sentencing.'" Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir.1990) (quoting United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980)).  "[A] petition under § 2241 attacking custody resulting from a federally imposed sentence may be entertained only where the petitioner establishes that the remedy provided for under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Cox, 911 F.2d at 1113 (quoting McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir.1979)); see also Reyes-Requena v. United States, 243 F.3d 893, 900-906 (5th Cir. 2001) (defining the circumstances under which the savings clause of § 2255 applies).

Although Metz styled this collateral challenge as brought pursuant to § 2241, it clearly challenges the validity of his federal conviction and sentence based on errors that "occurred at or prior to sentencing." See Cox, 911 F.2d at 1113-14.  Metz argues in his motion that his conviction should be vacated due to the Court's failure to properly instruct the jury with respect to the CCE charges and the jury's lack of factual findings with respect to the money laundering, drug, and CCE charges.  He also argues that he received an illegal sentence that was based on inapplicable statutes, improper findings by the Court, and facts not proven to the jury beyond a

---

[3] Although this Court previously advised that it would construe the petition as a motion to vacate pursuant to 28 U.S.C. § 2255 (R. Doc. No. 1186), it appears that the Court lacks jurisdiction to do so because Metz has not obtained authorization to file a successive § 2255 motion.  See Hooker v. Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999).

reasonable doubt.  However, Metz does not attack the manner in which his sentence was carried out or argue that relief under § 2255 is "inadequate or ineffective" pursuant to the savings clause.

"A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).   In this case, the Court lacks jurisdiction to construe the petition as a successive § 2255 motion because Metz has not obtained the required certification from the Fifth Circuit authorizing him to file a successive § 2255 motion.  See Hooker v. Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999).  The Court notes, however, that construing this petition under § 2255 would have similarly resulted in dismissal due to Metz's failure to obtain prior authorization from the Fifth Circuit.

Accordingly,

**IT IS ORDERED** that Metz's application for a federal writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**.

New Orleans, Louisiana, November 21, 2011.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**