UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                              CRIMINAL ACTION

VERSUS                                                No. 92-469

GLENN METZ                                            SECTION I

ORDER & REASONS

Before the Court is defendant Glenn Metz's ("Metz") motion[1] for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(a). Because Metz has not demonstrated that he has satisfied the statutory exhaustion requirement, the motion is dismissed without prejudice.

I.

On December 15, 1993, Metz was sentenced to life imprisonment after he was convicted by a jury of conspiracy to possess cocaine with intent to distribute, conducting a continuing criminal enterprise ("CCE"), money laundering, possession with intent to distribute cocaine, and carrying and using a firearm in aid of racketeering. On August 14, 1995, Metz's conviction was affirmed by the United States Fifth Circuit Court of Appeals on all counts except for the conspiracy charge, which was vacated due to the conviction and life sentence he received for the CCE violation. *United States v. Tolliver*, 61 F.3d 1189 (5th Cir. 1995). The Fifth Circuit later vacated Metz's firearms conviction in light of the United States Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995), although the decision had no

---

[1] R. Doc. No. 1241.

1

impact on the life sentence Metz received for his CCE conviction. *United States v. Tolliver*, 116 F.3d 120, 126 (5th Cir. 1997) (vacating the firearms charge without review pursuant to the concurrent sentence doctrine).

Subsequently, Metz has filed several unsuccessful post-conviction challenges to his conviction and his sentence.[2] Metz is currently incarcerated at FCI Beaumont, and he asks the Court to reduce his sentence to a term of time served.[3]

Metz argues that the Court should grant his motion for compassionate release "based on his deteriorating health and extraordinary and compelling circumstances."[4] However, Metz does not provide any information with respect to his health status or the alleged circumstances that would support his request. Metz does not assert that he has submitted a request for compassionate release to the warden of FCI Beaumont or otherwise exhausted his administrative remedies.

## II.

In pertinent part, section 3582(c)(1)(A) of the First Step Act provides that a court may not modify a term of imprisonment unless a motion is made after the defendant has exhausted his administrative remedies and the court, after considering the factors set forth in 18 U.S.C. § 3553(a), finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The reduction must

---

[2] The Court has previously summarized these proceedings and need not repeat them here. *See* R. Doc. No. 1204. Most recently, the Court denied Metz's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) on April 11, 2016, and it denied Metz's motion for reconsideration on April 28, 2016. R. Doc. Nos. 1234 & 1238.
[3] R. Doc. No. 1241, at 5.
[4] *Id.* at 2.

also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Section 3582 allows a court to consider a defendant's motion for modification of a term of imprisonment only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

"The requirement that an inmate first exhaust his administrative remedies within the BOP is jurisdictional." *United States v. Gentry*, No. 03-50033, 2020 WL 2131001, at *2 (W.D. La. May 5, 2020) (citing *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010)); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (characterizing the defendant's failure to exhaust administrative remedies as "a glaring roadblock foreclosing compassionate release at this point"). Even in the context of the COVID-19 pandemic, a defendant must first satisfy the exhaustion criteria of 18 U.S.C. § 3582(c)(1)(A) in order for the Court to have jurisdiction over a motion for a compassionate release sentence reduction. *See United States v. Ogarro*, No. 18-CR-373-9 (RJS), 2020 WL 1876300, at *3 (S.D.N.Y. Apr. 14, 2020) (Sullivan, J.) ("[S]ection 3582(c)'s exhaustion proscription . . . mandates that where the BOP has not submitted an application for a sentence reduction, a court cannot, under any circumstances, grant compassionate release unless the defendant has either 'fully exhausted all administrative rights to appeal' or waited at least 30 days from the

3

receipt of such a request by the warden of the defendant's facility."). "This conclusion is supported by a number of cases in which courts have addressed motions for compassionate release under the [First Step Act] due to COVID-19 and found they do not have the authority to address those motions when the defendants have not first satisfied the exhaustion requirements[.]" *United States v. Guyton*, No. 11-271, 2020 WL 2128579, at *2 (E.D. La. May 5, 2020) (Milazzo, J.) (internal citation omitted) (collecting cases).

The defendant bears the burden of demonstrating that he is entitled to compassionate release and that he has exhausted his administrative remedies. *United States v. Evans*, No. 2:16-CR-20144, 2020 WL 2549964, at *2 (W.D. Tenn. May 19, 2020); *United States v. Van Sickle*, No. CR18-0250JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020); *see United States v. Roberts*, No. 15-135, 2020 WL 2130999, at *3 (W.D. La. May 5, 2020); *United States v. Ebbers*, No. (S4) 02-CR-1144-3 (VEC), 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020).

### III.

Metz has not made any showing that he has "fully exhausted all administrative rights to appeal" or that 30 days have lapsed since the receipt of a request for compassionate release by the warden of his facility. *See* 18 U.S.C. § 3582(c)(1)(A). Because he has not satisfied this statutory requirement, Metz's motion for compassionate release is not properly before the Court.

IV.

Accordingly,

**IT IS ORDERED** that Metz's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, June 1, 2020.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**