UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                              CRIMINAL ACTION

VERSUS                                                                          No. 92-469

GLENN METZ                                                                   SECTION I

ORDER & REASONS

Before the Court is Glenn Metz's motion[1] to reconsider the Court's "order denying him compassionate release or release to home confinement."[2] The government opposes[3] the motion. And Metz has filed a reply[4] to that opposition. The Court grants the motion for the reasons set forth *infra*.[5]

At bottom, Metz offers two arguments for reconsideration. First, he argues that the Court "incorrectly relied on facts not proven to a jury beyond a reasonable doubt" to deny him compassionate release, an error he claims violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000).[6] Next, he argues that the Court based its conclusion that the 18 U.S.C. § 3553(a) factors did not support compassionate release on "a

---

[1] R. Doc. No. 1271. The details of Metz's conduct and the procedural history of his case are set forth in both the Court's recent order and in previous opinions. *See, e.g.*, R. Doc. No. 1270; R. Doc. No. 1204.
[2] *See* R. Doc. No. 1270 (order).
[3] R. Doc. No. 1274.
[4] R. Doc. No. 1279. The Court has also considered a supplemental declaration submitted by Metz in support of his motion. R. Doc. No. 1277.
[5] Metz also requests an evidentiary hearing. R. Doc. No. 1271. The Court accepts that the evidence afforded at a hearing would establish that Metz is not a danger to the public. Accordingly, the Court concludes a hearing is unnecessary and denies that request.
[6] R. Doc. No. 1271-1, at 1, 3.

1

theory not advanced by the government in its opposition [to the original motion] and therefore to which [he] did not have a reasonable opportunity to respond."[7] Proceeding from that premise, Metz argues the Court should allow him to introduce evidence to change its mind.[8] While the Court finds no manifest error in its initial treatment of Metz's *Apprendi* argument, it will treat the argument anew on reconsideration. And, while it does not entirely agree with Metz's argument that he should be allowed to introduce new evidence, it will accept *arguendo* that such evidence would show that Metz is not a danger to the community before concluding anew that the § 3553(a) factors weigh against compassionate release.

# I.

"While motions for reconsideration in criminal actions 'are nowhere explicitly authorized in the Federal Rules of Criminal Procedure, they are a recognized legitimate procedural device.'" *United States v. Batiste*, No. 06-145, 2021 WL 2338217, at *1 (E.D. La. June 8, 2021) (Lemmon, J.) (quoting *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991)). "Courts apply the standards set forth in the Federal Rules of Civil Procedure to motions for reconsideration in the criminal context." *Id.* (citing *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010)).

The Fifth Circuit "has held that if a motion for reconsideration is filed within twenty-eight days after entry of the judgment from which relief is being sought, the

---

[7] R. Doc. No. 1271.
[8] *Id.*

motion is treated as motion to alter or amend under Rule 59(e)." *Id.* (quoting *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004)).[9]

"Rule 59(e) serves 'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* at *2 (quoting *Merritt Hawkins & Assocs., L.L.C. v. Gresham*, 861 F.3d 143, 157 (5th Cir. 2017)). In relevant part, "[a]mending a judgment is appropriate under Rule 59(e): . . . 'where the movant presents newly discovered evidence that was previously unavailable . . . or . . . to correct a manifest error of law or fact.'" *Id.* (quoting *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017)).

## II.

As noted, Metz offers two arguments in support of his motion to reconsider. The Court addresses each in turn.

### A. *The Court did not manifestly err in relying on facts not proven to a jury beyond a reasonable doubt.*

Metz argues that the "Court's reliance on facts not proven to a jury to keep him in prison until he dies violates *Apprendi*."[10] In his reply, he adds that where "the facts of an offense *by themselves* categorically and forever exclude the possibility of compassionate release . . . then under *Apprendi* and its progeny, the government had

---

[9] Metz filed his motion to reconsider within twenty-eight days of the Court's July 19, 2021 order. *Compare* R. Doc. No. 1270 *with* R. Doc. No. 1271. The government does not argue that reconsideration is unavailable—only that the record does not justify it. The Court will therefore treat the instant motion as one brought pursuant to Rule 59(e).
[10] R. Doc. No. 1271-1, at 2.

3

the burden to prove those facts to a jury beyond a reasonable doubt and to successfully defend those jury findings on appeal."[11] He concludes by arguing that "[w]hether or not the Court agrees, it should withdraw its putative procedural basis for rejecting [the] argument."[12]

As an initial matter, the Court sees no reason to disturb its "procedural basis" for rejecting the argument. The Court, as Metz acknowledges, did not rule on the merits of his *Apprendi* argument because it was "raised in a reply and with scant briefing" and was "not sufficiently developed for the Court to address."[13] Metz complains this approach was "manifest error" because he cannot have known that the government would use newspaper articles in its opposition before it did so, and similarly could not have known that the Court would rely on the portion of the indictment related to the conspiracy charge, which was vacated on appeal, before it did so.[14]

---

[11] R. Doc. No. 1279, at 2.
[12] R. Doc. No. 1271-1, at 5.
[13] R. Doc. No. 1270, at 8 n.27.
[14] R. Doc. No. 1271-1, at 5. As the Court explained in its previous opinion, Metz's conspiracy conviction was vacated *because the Fifth Circuit concluded the offense was a lesser included offense of his continuing criminal enterprise conviction, which the Fifth Circuit left undisturbed.* See R. Doc. No. 1270, at 2 (citing *United States v. Tolliver*, 61 F.3d 1189, 1223 (5th Cir. 1995)). Moreover, as the government points out, the undisturbed "CCE count of Metz's indictment specifically 'incorporated . . . by way of reference' the . . . conspiracy charge." R. Doc. No. 1274, at 4 (quoting R. Doc. No. 229, at 13).

Metz's counsel responded by accusing the government of "sleight of hand," arguing that the CCE count incorporated by way of reference only violations of 21 U.S.C. §§ 801–904 and not murder. The relevant count alleges that Metz did "[k]nowingly and intentionally violate felony provisions [listed above], including, but not limited

Metz's argument distorts the Court's opinion. The Court noted that the argument was raised in reply *before concluding that is was "not sufficiently developed for the Court to address."*[15] Metz was clearly aware of the relevance of his *Apprendi* argument—why else would he raise it? Despite that knowledge, his counsel failed to offer significant authority in support of her difficult-to-understand position.

But even if the argument had been sufficiently developed, the Court would have rejected it—as it does now. As Metz's instant motion explains, the argument is, at bottom, that the Court should base its consideration of the § 3553(a) factors solely on facts proven to a jury beyond a reasonable doubt.[16]

Metz argues that "Title 18 U.S.C. § 3582(c)(1)(A) . . . provides . . . an opportunity for defendants to reduce their sentences" and that "[i]f that statutory right to seek a reduced sentence may be authoritatively and forever foreclosed based on facts not proved to a jury beyond a reasonable doubt, then 'the prescribed range of penalties' has been increased in a manner that violates *Apprendi* and its progeny."[17] Putting it another way, Metz argues that "[r]ather than being sentenced to life without the possibility of parole but with the possibility of compassionate release," he

---

to, the violations alleged in *[the conspiracy count, and others], which [is] incorporated herein by way of reference.*" R. Doc. No. 229, at 13 (emphasis added).

None of this matters, of course, because Metz's *Apprendi* argument, devoid of *any precedential support*, is incorrect.

[15] R. Doc. No. 1270, at 8 n.27.
[16] R. Doc. No. 1271-1, at 3–6.
[17] *Id.* at 3–4 (quoting *United States v. Haymond*, 139 S.Ct. 2369, 2377 (2019)).

5

has been sentenced to "life without parole and without compassionate release based on facts not proven to a jury."[18]

This argument is also premised on a distortion of the record. Metz was not sentenced to life without the possibility of compassionate release. Nor was Metz barred from seeking compassionate release. 18 U.S.C. § 3582(c)(1)(A) provides that a Court may under certain circumstances, "reduce the term of imprisonment . . . *after considering the factors set forth in section 3553(a).*" *See* 18 U.S.C. § 3582(c)(1)(A) (emphasis added). Metz filed a motion. Assuming *arguendo* that *refusing to consider* that motion for compassionate release would violate *Apprendi*, that is not what happened here. The Court considered the motion on the merits and concluded that the sentencing factors did not justify compassionate release. That was not manifest error.

That is not to say *Apprendi* mandates facts that a court finds dispositive to its consideration of the 3553(a) factors (and consequently, its review of a compassionate release motion) be proven to a jury beyond a reasonable doubt. The Supreme Court has made clear that *Apprendi* imposes no such requirement on courts reviewing *18 U.S.C. § 3582(c)(2)* motions: "[P]roceedings under § 3582(c)(2) do not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt. Taking the original sentence as given, any facts found by a judge at a § 3582(c)(2) proceeding do not serve to increase the prescribed range of punishment;

---

[18] *Id.* at 4.

instead, they affect only the judge's exercise of discretion within that range." *Dillon v. United States*, 560 U.S. 817, 828 (2010) (citing *Apprendi*, 530 U.S. at 481).

A court considering compassionate release under § 3582(c)(1)(A) *cannot increase* the prescribed range of penalties. *See, e.g.*, *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020) (rejecting argument that *Tapia v. United States*, 564 U.S. 319 (2011) bars a district court from treating the medical care a defendant was receiving while incarcerated as a factor weighing against relief after concluding that the district court was "deciding whether to reduce, not extend, a sentence"). Metz was sentenced to life imprisonment—and nothing about the Court's denial of his motion for compassionate release increases that sentence.

To hold that *Apprendi* applies to a Court's conclusion that the § 3553(a) factors weigh against release would represent a significant departure from precedent. After all, it is settled that prisoners must administratively exhaust their requests for compassionate release—failure to do so *precludes* the Court from granting a compassionate release motion, no matter how meritorious. *See, e.g.*, *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam). But administrative exhaustion will never be proven to a jury—how could it be? Accepting Metz's premise, a finding on administrative exhaustion "increases" the statutory maximum by denying a prisoner his right to seek compassionate release. Must a failure to administratively exhaust be proven beyond a reasonable doubt?

7

In a footnote, Metz argues for a distinction between "unchangeable historical facts" and those, presumably, that are changeable.[19] He explains that *Apprendi* would not be violated if "the Court had concluded [he] evidenced a continued need for correctional treatment or had based its decision on any other potentially modifiable, or at least changeable with time, factor under either Section 3553(a) or the 'extraordinary and compelling circumstances' test."[20]

The Court takes this argument to mean that, at bottom, the spirit of *Apprendi* is violated when a Court makes a sentencing decision based on a characteristic of the defendant, his offense conduct, or anything else *that will always be the case* by reference to facts not proven beyond a reasonable doubt. But Metz offers no precedential support for this position. And even if he did, the argument muddies (or ignores) the distinction between *sentencing decisions about non-changeable characteristics* and *sentencing decisions about changeable characteristics based on non-changeable facts*. The Court sees no manifest error.

> B. *Metz's additional evidence cannot be described as newly discovered and previously unavailable—and considering it does not change the Court's decision.*

Metz next argues that reconsideration is appropriate because "the Court denied compassionate release based in largest part on its view of 'the possibility that Metz will do what he did best prior to incarceration—lead a violent criminal

---

[19] *Id.* at 4 n.3.
[20] *Id.*

8

enterprise.'"[21]  He argues that, because the government based its opposition to his motion for compassionate release on the premise that he was violent, the "principles of party presentation and due process demand that [he] have an opportunity to meet this different ground."[22]  Metz then offers significant evidence (and declarations regarding evidence he would offer if granted an evidentiary hearing) which he claims undercut the notion that there is a risk he will resume his prior life of crime.

Strictly speaking, Metz does not argue that the newly presented evidence was "previously unavailable" as *Alexander* suggests it should be to support reconsideration under Rule 59(e).  *See* 867 F.3d at 597.  Nor does the Court agree with Metz that the government's opposition to his original motion did not raise the relevance of violent conduct that was perpetrated by members of the Metz Organization, rather than by Metz personally.[23]

Still, the Court understands Metz's point.  The government's argument attempted to portray Metz as violent.  And, as the Court readily acknowledged in its original opinion, Metz's frail condition and exemplary prison record make future violent conduct unlikely.[24]  The new evidence Metz offers (and would offer at an evidentiary hearing) underscores that belief.[25]

---

[21] *Id.* at 6.
[22] *Id.*
[23] *See* R. Doc. No. 1260, at 10–13 (government opposition's comprehensive description of the violence perpetrated by Metz's co-defendants and subordinates).
[24] *See* R. Doc. No. 1270, at 8.
[25] *See, e.g.*, R. Doc. No. 1271-2 (declaration of Sara A. Johnson, relaying the beliefs of corrections staff at both Beaumont Medium FCI and FCI Pollock that Metz has had a "positive influence on younger inmates" and has been a "role model for other inmates"); R. Doc. No. 1273-1 (Johnson's proposed supplemental declaration relaying

The Court therefore assumes that, if granted reconsideration (with or without an evidentiary hearing), Metz would offer evidence establishing that the § 3553(a) factors' admonishment that the Court consider the need "to protect the public from further crimes of the defendant" does not weigh against compassionate release.

But the Court also "concluded that Metz's sentence promotes respect for the law, reflects the seriousness of his offenses, and provides just punishment for them."[26] No amount of evidence that Metz is no longer dangerous would alter that conclusion. The PSR confirmed that Metz ordered the killing of rival cocaine dealer Samuel "Scully" Clay in order to increase his turf and eliminate a competitor.[27] Whether the Court considers the PSR,[28] Metz's offense conduct as described in the superseding indictment, or some combination, it can only conclude, exercising its discretion, that Metz's crimes were exceptionally serious and that his sentence promotes respect for the law, reflects the seriousness of his offenses, and provides just punishment for them.

18 U.S.C. § 3582(c)(1)(A) directs the Court to consider the sentencing factors before exercising its discretion and granting compassionate release. *See, e.g.*, *Chambliss*, 948 F.3d at 694 (noting discretionary nature of compassionate release).

---

Beaumont FCI Chaplain Shawn Edwards's belief that Metz is "compassionate" and "wants to help people").
[26] R. Doc. No. 1270, at 9.
[27] R. Doc. No. 658, at 12, 13.
[28] Metz does not challenge the veracity of the PSR; he argues that *Apprendi* precludes reliance on it. R. Doc. No. 1271-1, at 5. But, as explained *supra*, he has offered the Court no reason to think *Apprendi* does so.

10

That is what the Court has done.  Balancing all the relevant § 3553(a) factors, the Court concludes that compassionate release should be denied.

### III.

Accordingly,

**IT IS ORDERED** that Metz's motion for reconsideration is **GRANTED**.

**IT IS FURTHER ORDERED** that, for the reasons set forth herein and in the Court's original opinion denying compassionate release, Metz's motion for compassionate release is **DENIED**.

New Orleans, Louisiana, August 24, 2021.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**