## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 92-469** |
| **GLENN METZ** | **SECTION I** |

### ORDER

Before the Court is a motion[1] for leave, filed by attorney Sara A. Johnson, to withdraw as counsel for Glenn Metz, and for the appointment of counsel for Metz's appeal. The Court grants in part and denies in part the motion.

### I.

Johnson appeared on behalf of Metz on June 7, 2021 when she filed a motion[2] for compassionate release; the docket reflects that she is Metz's retained counsel. The Court denied[3] the motion. Upon reconsideration, the Court again declined[4] to grant compassionate release. Metz filed a notice[5] of appeal. Johnson now moves to withdraw as counsel, stating that her "representation of [Metz] has concluded."[6] Johnson also moves for the Court to appoint counsel for Metz's appeal.[7]

### II.

---

[1] R. Doc. No. 1282.

[2] R. Doc. No. 1258.

[3] R. Doc. No. 1270.

[4] R. Doc. No. 1280.

[5] R. Doc. No. 1281. The United States Court of Appeals for the Fifth Circuit has docketed Metz's appeal (No. 21-30551).

[6] R. Doc. No. 1282, at 1.

[7] *Id.*

There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). In the context of 18 U.S.C. § 3582(c)(2) motions, which are analogous to compassionate release motions pursuant to 18 U.S.C. § 3582(c)(1)(A) like Metz's, "the Fifth Circuit has held that defendants have no statutory or constitutional right to counsel." *United States v. Joseph*, No. 15-307, 2020 WL 3128845, at *1 (E.D. La. June 12, 2020) (Vance, J.) (citing *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995), and *United States v. Moore*, 400 F. App'x 851, 852 (5th Cir. 2010) (per curiam)).

"Although a defendant in a § 3582(c) motion does not have a statutory or constitutional right to appointment of counsel, the Court may appoint counsel in the interest of justice." *United States v. Mogan*, No. 14-040, 2020 WL 2558216, at *4 n.29 (E.D. La. May 20, 2020) (Morgan, J.) (quoting *United States v. Rodriguez*, No. 10-17, 2015 WL 13664966, at *2 (S.D. Tex. Aug. 20, 2015) (citing *United States v. Robinson*, 542 F.3d 1045, 1051–52 (5th Cir. 2008))); *see* 18 U.S.C. § 3006A(a)(2) (allowing appointment of counsel under certain circumstances when "the court determines that the interests of justice so require"). The interests of justice do not require that counsel be appointed where a "defendant's motion does not involve complicated or unresolved issues" or where a defendant proves capable of representing himself pro se. *See Joseph*, 2020 WL 3128845, at *2 (quoting *Moore*, 400 F. App'x at 852 (addressing a § 3582(c)(1)(A)(i) motion on appeal)) (internal citation and alterations omitted).

2

The interests of justice do not require that the Court appoint counsel for Metz. The motion at issue was not complex, *see United States v. Drayton*, No. 10-20018, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020) ("[A] claim for compassionate release is not particularly complex factually or legally."), and Metz has previously proven himself fully capable of representing himself pro se.[8]  *See United States v. Delco*, No. 09-57, 2020 WL 4569670, at *2–3 (E.D. La. Aug. 7, 2020) (Ashe, J.) (declining to appoint counsel to a defendant seeking compassionate release, observing that there was "no indication" that the defendant, who had submitted a twenty-two page brief, was "incapable of adequately presenting his motion pro se."); *see also United States v. Hames*, No. 09-39, 2020 WL 3415009, at *1 (E.D. Tex. June 19, 2020) (denying appointment of counsel for defendant seeking compassionate release who submitted a well-reasoned, albeit ultimately unsuccessful brief, and provided no basis to suggest that appointment of counsel would help him obtain relief).  Ultimately, appointing counsel would not aid the appeal.  *Gibson v. Houston Launch Pad*, No. 08-1377, 2009 WL 10704757, *1 (S.D. Tex. Nov. 17, 2009) (denying pro se motion to appoint counsel on appeal) (citing *Ross v. Marshall,* 726 F.3d 745, 751 (5th Cir. 2005) and *Travelers Ins. Co. v. Liljeberg Enters., Inc.,* 38 F.3d 1404, 1407-08 n.3 (5th Cir. 1994)).

### III.

Accordingly,

---

[8] *See* R. Doc. No. 1241 (providing cogent, well-articulated reasons why defendant seeks a reduction of sentence).

3

**IT IS ORDERED** that the motion[9] is **GRANTED IN PART** and **DENIED IN PART.**  Sara A. Johnson is **WITHDRAWN** as counsel of record for Glenn Metz.  The motion for appointment of counsel is **DENIED**.

New Orleans, Louisiana, September 14, 2021.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[9] R. Doc. No. 1282.