# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
January 12, 2024
Lyle W. Cayce
Clerk

No. 23-30411
Summary Calendar

---

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

*versus*

GLENN METZ,

*Defendant—Appellant.*

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:92-CR-469-2

---

Before JONES, SOUTHWICK, and HO, *Circuit Judges*.

PER CURIAM:[*]

  Glenn Metz, federal prisoner # 28118-048, appeals the denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Metz is currently serving a life sentence after his convictions for conducting a continuing criminal enterprise, possession with intent to distribute cocaine, and money laundering. In ruling on his motion,

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-30411

the district court assumed that Metz had demonstrated that extraordinary and compelling circumstances existed but denied relief after weighing the 18 U.S.C. § 3553(a) factors. On appeal, Metz argues that the district court erred in applying and weighing the § 3553(a) factors because its analysis incorporated the same reasons that it had previously given in denying Metz's 2021 motion for compassionate release. Metz contends that, by incorporating its 2021 analysis into its order denying his extant motion, the district court failed to consider his changed factual circumstances, which included his "serious health issues that had developed since his" 2021 motion and his "voluminous evidence of rehabilitation."

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). As a preliminary matter, though Metz raises his health conditions throughout his discussion of the § 3553(a) factors, he presents no explicit argument that his changed health conditions have any relevance to the district court's consideration of the § 3553(a) factors. Additionally, Metz has not demonstrated any drastic change in his circumstances from 2021 to 2023, as regards his rehabilitation. Indeed, during the litigation of his 2021 compassionate release motion, he made arguments regarding his rehabilitation that were similar to the ones that he made in his 2023 motion, even if he submitted more evidence—in the form of letters of support from Bureau of Prison staff members, fellow inmates, family members, and his case worker—in support of his 2023 motion to demonstrate his rehabilitation.

Moreover, contrary to his claim that the district court ignored his evidence of rehabilitation, the district court specifically cited and referenced his letters of support and rehabilitation arguments. Additionally, the court recognized that Metz had sought to better himself in prison, had not committed violent acts in prison, and had health conditions that made future

No. 23-30411

violent conduct unlikely. The court was not required to explicitly address each of Metz's rehabilitation arguments and each of the attendant letters of support. *See Concepcion v. United States*, 597 U.S. 481, 502 (2022); *United States v. Batiste*, 980 F.3d 466, 479 (5th Cir. 2020). Based on the foregoing, we can infer that the district court fully considered the rehabilitation issue. *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009).

The district court's reasoned order demonstrates that it adequately considered Metz's arguments and determined that consideration of the § 3553(a) factors did not weigh in favor of relief. *See Concepcion*, 597 U.S. at 502. Metz's arguments regarding the § 3553(a) factors amount to a disagreement with the court's balancing of the § 3553(a) factors; his disagreement does not warrant reversal. *See Chambliss*, 948 F.3d at 694.

Metz asks that his case be reassigned to a different district court judge. His request is of no moment because he has not shown that the district court abused its discretion in denying his motion for compassionate release. *See Johnson v. Harris Cnty.*, 83 F.4th 941, 947 (5th Cir. 2023).

Accordingly, the order of the district court is AFFIRMED.